AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. **'12MJ8031** |
| 27746 WILLOW TRAIL | ) |
| ESCONDIDO, CALIFORNIA | ) |
| | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

REFER TO ATTACHMENT A

located in the     **SOUTHERN**     District of   CALIFORNIA      , there is now concealed *(identify the person or describe the property to be seized)*:

REFER TO ATTACHMENT B



The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

**FILED**

**JAN 17 2012**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     TKR     DEPUTY

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. § 922(a)(3) | Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired OUtside State of Residency |
| Title 18 U.S.C. § 922(a)(6) | False Statement During Purchase of a Firearm |

The application is based on these facts:

Refer to attached affidavit of ATF Special Agent Steven C. McKenna.

✓ Continued on the attached sheet.

    Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

STEVEN C. McKENNA, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **1-17-2012 @ 9:05 a.m.**

_____
*Judge's signature*

City and state: EL CENTRO, CALIFORNIA

HON. PETER C. LEWIS, U.S. MAGISTRATE JUDGE
*Printed name and title*

**ATTACHMENT A**
**PREMISES TO BE SEARCHED**

Address:

27746 Willow Trail
Escondido, California

Description of Premises:

The premises is described as a single-story residence with off-white stucco and white trim located on the south side of the street. The front door is gray and faces north. There are approximately three windows facing north and one window facing east. There is also a red brick facade below the windows which surrounds the lower portion of the residence. There is an attached two-car garage with a white door and the numbers "27746" are displayed above the doors in the eastern corner. The premises includes rooms, attics, basements, porches, safes and containers, and other parts therein, as well as the surrounding grounds and driveway, and any garages, carports, storage rooms, storage lockers, trash containers, and outbuildings specifically associated with, or assigned to, the residence, and any vehicles parked on the property or in the driveway specifically registered to occupants of the premises.

ATTACHMENT B
ITEMS TO BE SEIZED

a.   One (1) State of Arizona ID Card, number D06557401 in the name of Claude STEMP (STEMP), date of birth September 12, 1940.

*pcl*

b.   ~~Any and all~~ ALL ILLEGALLY POSSESSED firearms including, ~~but not limited to~~, the following firearms:

1.   Walther, model SP22, .22 caliber pistol bearing serial number KL006680;
2.   Taurus, model PT1911, .38 caliber pistol bearing serial number LBX05486;
3.   Taurus, model PT 1911, .38 caliber pistol bearing serial number LBX06372;
4.   Sig Sauer, model SP2022, 9mm pistol bearing serial number 24B026456;
5.   Taurus model PT709, .9mm pistol bearing serial number TDM22378;
6.   Tanfoglio, F.LLI, S.N.C., model Witness, .40 caliber pistol bearing serial number EA49775;
7.   Tanfoglio, F.LLI, S.N.C., model Witness, .38 caliber pistol bearing serial number EA53484;
8.   Sig Sauer, model GSR 1911, .45 caliber pistol bearing serial number GS29598;
9.   Taurus, model PT1911, .38 caliber pistol bearing serial number LBY50867;
10.   Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA53552;
11.   Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA46807;
12.   Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA52270;
13.   Taurus, model PT92, 9mm pistol bearing serial number TCY98090;
14.   Taurus, model PT92, 9mm pistol bearing serial number TCY98057;
15.   Beretta, Pietro S.P.A, model 92FS, 9mm pistol bearing serial number J63100Z;
16.   Legacy Sports, model Howa 223, .223 caliber rifle bearing serial number B183255;
17.   Legacy Sports, model Howa , .30-06 caliber rifle bearing serial number B206320;
18.   Legacy Sports, model Howa Sporter, .308 caliber rifle with serial number B206526;
19.   Legacy Sports, model Howa Sporter, 7mm rifle bearing serial number B190398;
20.   Sig Sauer, model GSR 1911, .45 caliber pistol bearing serial number GS20196;
21.   Sig Sauer, model GSR 1911, .45 caliber pistol

bearing serial number GS31228;
       22.  Sig Sauer, model GSR 1911, .45 caliber pistol bearing serial number GS34820;
       23.  Tanfoglio, F.LLI, S.N.C., model Witness, .45 caliber pistol bearing serial number EA54903;
       24.  Remington Arms Company, Inc., model 1911RI, .45 caliber pistol bearing serial number JB19110371;
       25.  Keltec, Industries, Inc., model PMR-30, .22 caliber pistol bearing serial number W2R85; and
       26.  EMF (Early Modern Firearms), model Junior Carbine, .40 caliber rifle bearing serial number JRO15316.

      c.  Any documents or records that are related to the sale, purchase, receipt, or possession of FIREARM 1 through FIREARM 26, specifically receipts, bills of sale, letters, notes, and correspondence requesting, confirming, or otherwise relating to purchases and sales, shipping receipts, credit card receipts, identification cards, and bank statements.

      d.  Any documents or records that reflect the identity of the person(s) controlling, occupying, possessing, residing in or owning the Subject Location to be searched, including rental agreements, leases, rent receipts, deeds, escrow documents, utility bills and other mailed envelopes reflecting the address and addressee.

      e.  Any and all receipts, tickets or other documents reflecting travel between California and Arizona by STEMP.



FILED

JAN 17 2012

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE SEARCH OF ) CASE NO.: **12MJ8031**
                                )
27746 WILLOW TRAIL              ) AFFIDAVIT OF BUREAU OF ALCOHOL,
ESCONDIDO, CALIFORNIA           ) TOBACCO, FIREARMS & EXPLOSIVES
                                ) SPECIAL AGENT STEVEN C. McKENNA
                                ) IN SUPPORT OF APPLICATION OF
_____) SEARCH WARRANT

I, Steven C. McKenna, Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), having been duly sworn, depose and state as follows:

A. EXPERIENCE AND TRAINING

1. I am a SA employed by the ATF, United States Department of Justice, and have been so employed for approximately two and half years. I am also a graduate of the Orange County Police Chief's Association Academy and was employed as a police officer in the State of New York, for the Town of New Windsor Police Department, for approximately 21 months.

2. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. I am currently assigned to the El Centro, California Field Office. As a result of my training

1

and experience as an ATF Agent, I am familiar with federal and state criminal laws. My primary duties have been the enforcement of federal firearm, arson and explosive laws. I have participated in investigations of possession of firearms by prohibited persons and the possession of illegal firearms. I have participated in investigations that involved interstate and international firearms trafficking. I have also participated in the searches of residences and businesses involving federal and state firearms violations.

B.   PREMISES TO BE SEARCHED

3.   This affidavit is made in support of an application for a warrant to search the following location as there is probable cause to believe evidence of violations of Title 18, United States Code, Sections 922(a)(3) (Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside State of Residency), and 922(a)(6) (False Statement During Purchase of a Firearm) exists and can be found at 27746 Willow Trail, Escondido, California: ("Subject Location"):

> The Subject Location is described as a single-story residence with off-white stucco and white trim located on the south side of the street. The front door is gray and faces north. There are approximately three windows facing north and one window facing east. There is also a red brick facade below the windows which surrounds the lower portion of the residence. There is an attached two-car garage with a white door and the numbers "27746" are displayed above the doors in the eastern corner. The Subject Location includes rooms, attics, basements, porches, safes and containers, and other parts therein, as well as the surrounding grounds and driveway, and any garages, carports, storage rooms, storage lockers, trash containers, and outbuildings specifically associated with, or assigned to, the residence and any vehicles parked on the property or in the driveway specifically

registered to occupants of the Subject Location (See Attachment A).

C.   PROPERTY TO BE SEIZED

4.   The items to be seized are described as follows, and also described in Attachment B, and incorporated herein by reference:

a.   One (1) State of Arizona ID Card, number D06557401 in the name of Claude STEMP (STEMP), date of birth September 12, 1940.

b.   Any and all firearms acquired in violation of Title 18, United States Code, Sections 922(a)(3) and 922(a)(6), including but not limited to the following firearms:

1.   Walther, model SP22, .22 caliber pistol bearing serial number KL006680 (FIREARM 1);

2.   Taurus, model PT1911, .38 caliber pistol bearing serial number LBX05486 (FIREARM 2);

3.   Taurus, model PT1911, .38 caliber pistol bearing serial number LBX06372 (FIREARM 3);

4.   Sig Sauer, model SP2022, 9mm pistol bearing serial number 24B026456 (FIREARM 4);

5.   Taurus model PT709, .9mm pistol bearing serial number TDM22378 (FIREARM 5);

6.   Tanfoglio, F.LLI, S.N.C., model Witness, .40 caliber pistol bearing serial number EA49775 (FIREARM 6);

7.   Tanfoglio, F.LLI, S.N.C., model Witness, .38 caliber pistol bearing serial number EA53484 (FIREARM 7);

8.   Sig Sauer, model GSR 1911, .45 caliber pistol

bearing serial number GS29598 (FIREARM 8);

9. Taurus, model PT1911, .38 caliber pistol bearing serial number LBY50867 (FIREARM 9);

10. Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA53552 (FIREARM 10);

11. Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA46807 (FIREARM 11);

12. Tanfoglio, F.LLI, S.N.C., model Witness, 9mm pistol bearing serial number EA52270 (FIREARM 12);

13. Taurus, model PT92, 9mm pistol bearing serial number TCY98090 (FIREARM 13);

14. Taurus, model PT92, 9mm pistol bearing serial number TCY98057 (FIREARM 14);

15. Beretta, Pietro S.P.A, model 92FS, 9mm pistol bearing serial number J63100Z (FIREARM 15);

16. Legacy Sports, model Howa 223, .223 caliber rifle bearing serial number B183255 (FIREARM 16);

17. Legacy Sports, model Howa , .30-06 caliber rifle bearing serial number B206320 (FIREARM 17);

18. Legacy Sports, model Howa Sporter, .308 caliber rifle with serial number B206526 (FIREARM 18),

19. Legacy Sports, model Howa Sporter, 7mm rifle bearing serial number B190398 (FIREARM 19);

20. Sig Sauer, model GSR 1911, .45 caliber pistol bearing serial number GS20196 (FIREARM 20);

21. Sig Sauer, model GSR 1911, .45 caliber pistol

bearing serial number GS31228 (FIREARM 21);

22. Sig Sauer, model GSR 1911, .45 caliber pistol bearing serial number GS34820 (FIREARM 22);

23. Tanfoglio, F.LLI, S.N.C., model Witness, .45 caliber pistol bearing serial number EA54903 (FIREARM 23);

24. Remington Arms Company, Inc., model 1911RI, .45 caliber pistol bearing serial number JB19110371 (FIREARM 24);

25. Keltec, Industries, Inc., model PMR-30, .22 caliber pistol bearing serial number W2R85(FIREARM 25); and

26. EMF (Early Modern Firearms), model Junior Carbine, .40 caliber rifle bearing serial number JRO15316 (FIREARM 26).

c. Any documents or records that are related to the sale, purchase, receipt, or possession of FIREARM 1 through FIREARM 26, specifically receipts, bills of sale, letters, notes, and correspondence requesting, confirming, or otherwise relating to purchases and sales, shipping receipts, credit card receipts, identification cards, and bank statements.

d. Any documents or records that reflect the identity of the person(s) controlling, occupying, possessing, residing in or owning the Subject Location to be searched, including rental agreements, leases, rent receipts, deeds, escrow documents, utility bills and other mailed envelopes reflecting the address and addressee.

e. Any and all receipts, tickets or other documents reflecting travel between California and Arizona by STEMP.

D.   PROBABLE CAUSE:

5.   I know based upon my training and experience, it is a violation of federal law for persons to transport or receive firearms into the state they reside when the firearm was purchased or obtained unlawfully in another state.   Title 18, United States Code, Section 922(a)(3) provides in pertinent part:

> It shall be unlawful - for any person, other than a licensed importer, licensed dealer, or licensed collector to transport into or receive in the State where he resides (or if the person is a corporation or other business entity, the State where it maintains a place of business) any firearm purchased or otherwise obtained by such person outside the State, except that this paragraph (A) shall not preclude any person who lawfully acquires a firearm by bequest or interstate succession in a State other than his State of residence from transporting the firearm into or receiving it in that State, if it is lawful for such person to purchase or possess such firearm in that State, (B) shall not apply to the transportation or receipt of a firearm obtained in conformity with subsection (b)(3) of this section, and (C) shall not apply to the transportation of any firearm acquired in any State prior to the effective date of this chapter. [1]

6.   I also know Ninth Circuit Model Jury Instruction 8.55, in relation to Title 18, United States Code, Section 922(a)(3), provides the following recitation of the elements:

> First, the defendant was not licensed as a firearms [dealer] [importer] [manufacturer] [collector]; and
>
> Second, the defendant willfully [transported into] [received in] the state in which the defendant resided a [specify firearm] that the defendant purchased or otherwise obtained outside that state.

---

[1] Subsection 922(b)(3) sets out a specific exemption for shotguns and rifles.  Because the firearms at issue here are pistols and revolvers, subsection 922(b)(3)'s exemption does not apply.

7.    Furthermore, I know based upon my training and experience, it is a violation of federal law for persons who are residents of the State of California to use a State of Arizona ID Card in order to misrepresent Arizona residency so as to purchase firearms directly from Federal Firearms Licensees (FFLs) in the State of Arizona. Title 18, United States Code, Section 922(a)(6) provides in pertinent part:

> It shall be unlawful – for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

8.    Falsification of identity is an element of Title 18, United States Code, Section 922(a)(6), and may be proved by evidence of use of a false name, age or place of residence.[2]

9.    Since October 6, 2011, I have reviewed information from ATF's National Tracing Center and learned the following:

a.    On February 27, 2011, a person identifying himself as STEMP, utilizing Arizona ID Card number D06557401, purchased FIREARMS 1, 2, 3, 4 and 5 from Jones & Jones, an FFL in Yuma, Arizona.

b.    On April 1, 2011, a person identifying himself as

---

[2] <u>United States</u> v. <u>Buck</u>, 548 F.2d 871, 876 (9th Cir. 1977).

STEMP, utilizing Arizona ID Card number D06557401, purchased FIREARMS 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 from Jones & Jones, an FFL in Yuma, Arizona.

   c. On July 21, 2011, a person identifying himself as STEMP, utilizing Arizona ID Card number D06557401, purchased FIREARMS 20, 21, 22, 23, 24, 25 and 26 from Jones & Jones, an FFL in Yuma, Arizona.

  10. On October 3, 2011, I caused a search to be completed in "Accurint" for STEMP.  Accurint is a national comprehensive database showing individuals, their address, residential telephone numbers, possible employers, possible business affiliations, possible relatives, and possible properties owned by the person. I learned from the report that STEMP is listed as currently residing at the Subject Location and has been associated with the Subject Location since December 2006.

  11. As part of my investigation, I have reviewed a number of ATF Form 4473's.  An ATF Form 4473, Firearms Transaction Record, is a document that is completed by both the buyer and seller to document and record all firearm sales conducted by FFLs to private parties.  To complete ATF Form 4473, the intended purchaser must present identification to the FFL, provide personal information on the form, answer a series of questions.  The purchaser then signs the form to certify the information provided is true and correct. In essence, the form is an initial screening device, prior to a background check, to determine if the buyer is prohibited from purchasing a firearm.  The top of the form also contains the

8

following: "Warning: You may not receive a firearm if prohibited by Federal or State Law.  The information you provide will be used to determine whether you are prohibited under law from receiving a firearm."  The back of the form also provides important notices to both the FFL and the purchaser concerning the execution of this official document. Under the section listed "Instructions to Transferor," the first paragraph states: "Before a licensee may sell or deliver a firearm to a non-licensee, the licensee must establish the identity, place of residence, and age of the buyer." The buyer must provide a valid government-issued photo identification to the seller that contains the buyer's name, residence address, and date of birth.  The licensee must record the type of identification, identification number and expiration (if any) of the identification in response to question 18a of the form. A driver's license or an identification card issued by a State is acceptable.

12.   During this investigation, I have reviewed numerous copies of ATF Form 4473, Firearms Transaction Record, from Jones & Jones.  After reviewing the forms, I learned the following:

a.   On February 27, 2011, STEMP completed Section A of this form and answered that his full name was Claude STEMP, date of birth September 12, 1940, his current residence address was 1106 S. Hereford Avenue, Yuma, "CA," and his state of residence was Arizona. STEMP wrote "CA" when filling in his current residence, but the above-mentioned address does not exist.  STEMP appears to have written "CA" unintentionally, as he indicates further down on

the ATF Form 4473, under question number 13, his state of residence was "AZ."

b.   In section B, the seller recorded STEMP had presented Arizona ID Card number D06557401 to the seller as identification.

c.   In section D, the seller listed STEMP purchased FIREARMS 1 and 2.

d.   Although not listed on the copy of ATF Form 4473, an ATF National Tracing Center Form completed on March 3, 2011, revealed that on February 27, 2011, STEMP also purchased FIREARMS 3, 4 and 5 using Arizona ID Card number D06557401 and the address 1106 S. Hereford Avenue, Yuma, Arizona 85364.  Also reflected on the same ATF National Tracing Center Form is the purchase of an additional firearm by STEMP: a Sig Sauer, model P250, .45 caliber pistol with serial number EAK035994 (FIREARM 27).

e.   On April 1, 2011, STEMP, completed Section A of another ATF Form 4473 and answered his full name was Claude STEMP, date of birth September 12, 1940; his current residence address was 1106 S. Hereford Avenue, Yuma Arizona; and his state of residence was Arizona.

f.   In section B, the seller recorded STEMP had presented Arizona ID Card number D06557401 to the seller as identification.

g.   In section D, and continuing on an additional piece of paper, the seller listed STEMP purchased FIREARMS 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, as well as one additional

10

firearm: a German Sports Guns, model GSG-1911, .22 caliber pistol with serial number A379533 (FIREARM 28).

h. On July 21, 2011, STEMP completed Section A of another ATF Form 4473 and answered his full name was Claude STEMP, date of birth September 12, 1940, his current residence address was 1106 S. Hereford Avenue, Yuma, Arizona, and his state of residence was Arizona.

i. In section B, the seller recorded STEMP had presented Arizona ID Card number D06557401 to the seller as identification.

j. In section D, the seller listed STEMP purchased FIREARMS 20, 21, 22, 23, 24, 25 and 26.

13. During this investigation, I performed a search of the California Department of Motor Vehicles (CA DMV) records for STEMP, California Driver's License number J0463610, date of birth September 12, 1940, which lists the Subject Location as his current address. STEMP applied for and received his California Driver's License on November 16, 2009.

14. On November 4, 2011, I caused a search of Arizona Department of Economic Security records to be performed to determine if any record existed showing STEMP was employed in the State of Arizona during the past five years; no record of such employment was found.

15. On October 17, 2011, California Department of Justice (CA

11

DOJ) SA Alfred Alvarado and I met with Yuma Police Department Detective John Sinz who retrieved a "calls to service" history for 1106 S. Hereford Avenue, Yuma, Arizona 85364.   Detective Sinz stated there were no calls to service involving STEMP, only individuals with the last name "Steinberg."

16.   On November 2, 2011, CA DOJ SA Alvarado and I traveled to 1106 S. Hereford Avenue, Yuma, Arizona 85364.   SA Alvarado and I spoke with Gary Steinberg, the owner of the residence, who stated STEMP currently lives in California and does not live at his address.

17.   During this investigation, I have obtained and compared copies of the photos on Arizona Identification Card number D06557401, with the California DMV photo for STEMP and determined that they are same person.

18.   On November 3, 2011, CA DOJ SA Alfred Alvarado and I conducted surveillance at the Subject Location and observed it to be inside of a gated community.   At the entrance of the gates, an electronic directory is available and I located the last name "STEMP" on the screen.   I entered the community and observed STEMP's residence, but it was difficult to continue surveillance due to the residence being located on a cul-de-sac with very few vehicles parked on the street.

19.   During this investigation, I caused a check to be made of the California Department of Motor Vehicles ("CA DMV") records and discovered three vehicles with valid registrations are registered to Claude STEMP and Andrea STEMP with the Subject Location address

(6NBF769, 6KEL823, and 6SXM380).

20. During this investigation, I have been advised by ATF Industry Operations Investigator (IOI) Luis A. Barajas that STEMP no longer possesses a Federal Firearms Licensee (FFL), thus, he is not licensed to sell or transport firearms. STEMP possessed an FFL between the years 1993 to 1996, under the name "Straight Shooter," but it is no longer active.

21. I was also advised by ATF IOI Barajas that STEMP is not a licensed importer or licensed collector, thus, he is not licensed to sell or transport firearms.

22. During this investigation, I have caused a search of California Department of Justice (CA DOJ) Automated Firearm System (AFS) for any firearms registered to STEMP. CA DOJ AFS is a computerized system administered by the CA DOJ which tracks the serial numbers of every firearm (except most long guns) which has been legally purchased, seized/destroyed/held in evidence by law enforcement, reported stolen, recovered, voluntarily registered, or handled by a firearms dealer. I learned STEMP sold two firearms which he purchased from Jones & Jones, the FFL located in Yuma, Arizona, specifically FIREARM 27 and FIREARM 28.

a. On March 21, 2011, STEMP sold FIREARM 27 to an individual residing in California. STEMP sold the firearm at Turner's Outdoorsman's, an FFL in San Marcos, California, and used the Subject Location as his address. STEMP originally purchased the firearm from Jones & Jones on February 27, 2011, as reflected in the ATF National Tracing Center Form addressed above.

b.   Additionally, on August 15, 2011, STEMP sold FIREARM 28 to an individual residing in California. STEMP sold the firearm at Turner's Outdoorsman's, an FFL in San Marcos, California, and used the Subject Location as his address. STEMP originally purchased the firearm from Jones & Jones on April 1, 2011, as reflected in the ATF National Tracing Center Form addressed above.

23.   I also learned through CA DOJ AFS, that STEMP has purchased and legally registered approximately four handguns in the State of California using the Subject Location as his address. Since these firearms were legally purchased and possessed by STEMP they are not part of this application and will not be seized unless they have been modified in violation of California and/or Federal law.

24.   I know the following from my experience, training, and research:

a.   Arizona ID Cards do not have an expiration date;

b.   Unlike the State of California, the State of Arizona does not have a mandatory waiting period to purchase firearms and that, instead, firearms sales in Arizona are based upon the National Instant Check System (NICS). Under NICS, an initial computer background check on the purchaser is done to determine if the purchaser is a prohibited person and ineligible to purchase a firearm. NICS therefore allows near simultaneous sales of firearms as long as the person passes the background check. The lack of a

waiting period is a factor that entices California-based firearm traffickers to unlawfully purchase firearms in the State of Arizona;

c.   The State of Arizona does not maintain a centralized list or registry of firearms akin to the CA DOJ AFS, and therefore it is not possible to determine how many handguns STEMP may have unlawfully purchased in the State of Arizona. The lack of a centralized list is another contributing factor that entices California-based firearm traffickers to unlawfully acquire firearms in the State of Arizona; and

d.   By possessing an Arizona ID Card it would be possible for STEMP to purchase firearms in the State of Arizona for a prolonged period of time without such purchases being detected unless a Multiple Sales Form (a form that firearms dealers are required to complete and send to ATF to report the sale of more than one handgun to the same buyer within a five-day period) was executed or he was otherwise brought to the attention of law enforcement.

25.   I know the U.S. Government publication Federal Firearms Regulation Reference Guide cites the United States Code, the Code of Federal Regulations, ATF Rulings, and other government circulars and bulletins as they apply to the regulation of the firearms industry within the United States and, as such, is used by both ATF, Federal Firearms Licensees and others as a source document to answer frequently asked questions (FAQs) that occur in the

15

regulation of the firearms industry within the United States.   The Federal Firearms Regulation Reference Guide addresses the following FAQs:

     a.    Question:   "What constitutes residency in a State?"

       Answer:   "the State of residence is the State in which an individual is present with the intention of making a home in that State."

     b.    Question:   "May a person who resides in one State and owns property in another State purchase a handgun in either State?"

       Answer:   "If a person maintains a home in two States and resides in both States for certain periods of the year, he or she may, during the period of time the person actually resides in a particular State, purchase a handgun in that State.   But simply owning property in another State does not qualify the person to purchase a handgun in that State."

     c.    Question:   "May a licensed dealer sell a firearm to a non-licensee who is a resident of another State?"

       Answer:   "Generally, a firearm may not be sold by a licensed dealer to a non-licensee who resides in a State other than the State in which the seller's licensed location is located. However, the sale may be made if the firearm is shipped to a licensed dealer whose business is in the purchaser's State of residence and the purchaser takes delivery of the firearm from the dealer in his or her State of residence.   In addition, a licensee

may sell a rifle or shotgun to a person who is not a resident of the State where the licensee's business location is located in an over-the-counter transaction, provided the over-the-counter transaction complies with State law in the State where the licensee is located and in the State where the purchaser resides and provided the sale complies with all applicable Federal laws."

        d.    Question: "May an unlicensed person obtain a firearm from an out-of-State source if the person arranges to obtain the firearm through a licensed dealer in the purchaser's own State?"

        Answer:  "A person not licensed under the GCA (Gun Control Act) and not prohibited from acquiring firearms may purchase a firearm from an out of State source and obtain the firearm if an arrangement is made with a licensed dealer in the purchaser's State of residence for the purchasers to obtain the firearm from the dealer."

    26.    The ATF Form 4473s and an ATF National Tracing Center Form I reviewed documenting the firearms purchased by STEMP indicate STEMP bought the twenty-six (26) above-listed firearms directly from Jones & Jones in Yuma, Arizona, and not through an arrangement with a licensed dealer in California.

    27.    Based upon my examination of the documents regarding STEMP, searches of electronic databases, interviews, and my experience and training, I have concluded the following:

        a.    STEMP possesses identification documents for the State of California and the State of Arizona;

        b.    STEMP purchased a total of twenty-six (26) firearms

between February 27, 2011, and July 21, 2011, from a Federal Firearms Licensee in Yuma, Arizona;

c.   During these purchases, STEMP represented his residence to be 1106 S. Hereford Avenue, Yuma Arizona, and his state of residence to be Arizona;

d.   STEMP was a resident of the State of California, and not a resident of the State of Arizona, during the time he made the firearms purchases; and

e.   STEMP currently resides at the Subject Location.

28.   Based upon my experience, I know California residents often illegally obtain out of state firearms by utilizing either misrepresented or fraudulently obtained identification documents and then bring the firearms back to California for either their own personal inventory or for illicit sales on the black market or a combination of both.

29.   Based upon my training and experience, persons who use misrepresented identification to purchase firearms will maintain possession of those documents until they expire, or are no longer available to them.

30.   In addition to the foregoing facts, I know persons who possess, purchase, or sell firearms generally maintain the firearms and records of their firearm transactions as items of value and usually keep them in their residence, or in places that are readily accessible, and under their physical control, such as a commercial storage unit, or their vehicle. Many people also keep mementos of their firearms, including digital photographs or videotapes of

themselves possessing or using firearms on their computers, flash drives, and portable hard drives. Many people do not dispose of their firearms or firearm related records; they usually keep their firearms and records for long periods, often spanning several years, in a secure location within their residence, or storage unit[3].

31. Based upon my training and experience, and the facts set forth herein, I submit there is probable cause to believe STEMP is in possession of evidence showing he unlawfully purchased firearms in the State of Arizona and transported the firearms into the State of California in violation of Title 18, United States Code, Sections 922(a)(3) and (a)(6). I further submit there is probable cause to believe that evidence of these violations will be found at the Subject Location.

STEVEN C. McKENNA
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me this _17th_ day of January, 2012.

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

---

[3] See, United States v. Pitts, 6F.3d 1366, 1369 (9th Circuit 1993); United States v. Dozier, 844 F.2d 701, 707 (9th Circuit 1988); United States v. Gann, 732 F.2d 714, 722 (9th Circuit 1984).

19